IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



**DARCEY BIRTZ,**                                              PLAINTIFF,

**VERSUS**                                   CIVIL ACTION NO: 4:07cv93-TSL-LRA

**NOXUBEE COUNTY, MISSISSIPPI, and**
**TERRY GRASSEREE, in his individual capacity,**         DEFENDANTS.

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual damages against Noxubee County, Mississippi, because of the willful indifference of Noxubee County to Plaintiff's need for safety, resulting in her being brutally raped by a prisoner in the Noxubee County Jail. The grounds for this action are as follows:

1.

Plaintiff, DARCEY BIRTZ, is currently incarcerated in Rankin County Detention Center, C.M.C.F. Area 2B #435, Pearl, Mississippi 88550, on drug charges. While Plaintiff has had severe drug problems, she is a non-violent person and is a relatively small person, who is unable to provide physical protection for herself.

2.

Defendant, NOXUBEE COUNTY, MISSISSIPPI (hereinafter "Noxubee County"), is

a political subdivision of the State of Mississippi, which may be served with process upon its Chancery Clerk, Mary Ruth Shelton, 505 South Jefferson Street, Macon, Mississippi 39341 and upon its sheriff, Albert Walker, at 505 South Jefferson Street, Macon, Mississippi 39341. It is sued for the acts of its Sheriff. By suing Noxubee County, Mississippi, Plaintiff sues the Sheriff of Noxubee County, in his official capacity. Also, Noxubee County, Mississippi is sued for the policy decisions of its Justice Court Judges and Sheriff the failure to have in place any constitutional procedures for allowing bail.

Defendant, TERRY GRASSEREE, is an adult resident citizen of Mississippi. Defendant Grasseree is the Chief Deputy of Noxubee County, and the person whom the Sheriff has placed in charge of the jail. Grasseree or the Sheriff or both made the decisions regarding where county jail prisoners are placed, which caused Plaintiff to be raped. Grasseree is sued in his individual capacity.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343. This action is authorized by 42 U.S.C. § 1983. Both Defendants acted under color of state law.

4.

On June 6, 2006, Plaintiff was arrested and placed in the Noxubee County Jail in Macon, Mississippi. The Sheriff is in charge of the jail and is the official Noxubee County policymaker with respect to the jail. The Sheriff has placed Defendant Chief Deputy Grasseree, a person known to be willfully indifferent to prison safety, in charge of the jail, including where persons

are confined within the jail.

5.

While a prisoner in the Noxubee County Jail, because of Defendants' gross negligence with respect to prisoner safety, Plaintiff was placed by Defendant Sheriff and/or Defendant Grasseree under the care and custody of Kennedy Brewer, a jail trustee who had been on death row at Parchman Prison for at least nine years for biting, raping and strangling to death a three-year-old little girl. Brewer was transferred to Noxubee County Jail pending an evidentiary hearing to determine the appropriateness of a new trial based on newly-acquired means of testing the DNA evidence recovered, but the Mississippi Supreme Court had, meanwhile, upheld his conviction. This conviction has been upheld based upon the substantial weight of other evidence presented at trial – for instance, bite mark evidence found on the child's body from his chipped front tooth.[1] He had been at the Noxubee County Jail since 2002,[2] purportedly, for a five-year wait for an evidentiary hearing.

Since moving Brewer, Defendants, for years, given him free reign and the "keys to the castle!" He has been allowed free and continuous access to the keys to the jail and supervisory authority over the movements of the other inmates. Brewer had been allowed to move about

---

[1] There were nineteen bite marks on the child's body. Out of nineteen, five of them were "very good." The other fourteen bite marks were fair to average to poor. When a comparison test was performed, none of the dental impressions from the individuals matched the wounds on the three-year-old's body except Brewer's. Dr. West evaluated Brewer's teeth to detect any individualizing characteristics in his impression that matched patterns in the bite mark. The doctor discovered that one of Brewer's front teeth had a chip in it and that his upper teeth were much sharper than his lower teeth. In addition, there was a gap between his front teeth. To a reasonable medical certainty, Dr. West opined that Brewer's teeth inflicted the five bite mark patterns found on the body of Christine Jackson. The doctor further concluded that it was "highly consistent and probable" that the other fourteen bite mark patterns were also inflicted by Brewer.

[2] *See Brewer v. State*, 819 So.2d 1169 (Miss. 2002); *Brewer v. State*, 819 So.2d 1165 (Miss. 2002); and *Brewer v. State*, 725 So.2d 106 (Miss. 1998).

3

the jail and leave the jail at whim. He had been allowed by the Defendants to go to Defendant Grasseree's home, to drive *alone* to other locations in the State in a *police cruiser*, and to have *sex at the jail* – all after being a ***convicted murderer and child molester!***

In fact, Sheriff Walker, Chief Deputy Terry Grasseree and Noxubee County have had a policy and practice of tacitly allowing trustees to imbibe alcohol and drugs and to have illicit sex in the Noxubee County Jail. Further, as result of the policies and practices of Sheriff Walker, Chief Deputy Terry Grasseree and the Noxubee County Sheriff's Department, Kennedy Brewer, the convicted murderer and child molester, has *fathered a child* while incarcerated at the Noxubee County Jail.

6.

It was known by Sheriff Walker and Chief Deputy Terry Grasseree that Plaintiff's safety would be imperiled by being placed into the care of Kennedy Brewer. Thus, in keeping with his foreseeable deportment, Kennedy Brewer brutally raped Darcey Birtz.

7.

At the time of Plaintiff's incarceration, Plaintiff was a non-convicted person, and confining Plaintiff with a person convicted of murder was a *per se* violation of her constitutional rights.

8.

Noxubee County, Mississippi, did not have in place any constitutional procedures for bail. None of the individual circumstances of Plaintiff's case were considered on the issue of bail, and Plaintiff was never given an impartial judicial hearing on the requirements for bail.

Plaintiff's bail was arbitrarily set at $50,000.00, but every time Plaintiff would attempt to make bail, she would be told that there was a "hold" on her. The denial of the constitutional right to bail and the failure to grant a meaningful due process hearing on bail was the result of official policy decisions of the Sheriff and Justice Court Judges of Noxubee County, Mississippi.

9.

Additionally, during her incarceration, Plaintiff was subjected to unconstitutional conditions of confinement, consisting of a deplorable cell, no running water, no bed linens or pillow, a large hole in the wall through which male inmates could and did look at and talk to Plaintiff, a stinky, itchy mattress that was leaking its stuffing to sleep on, and a used blanket that smelled of body odor. Male inmates were allowed to constantly harass Plaintiff and beg her to strip so that they could watch and, they said, masturbate. The male inmates told her that they were going to make a deal with Brewer to come in and have sex with Plaintiff. They threatened to beat her when they got a chance. The lights were shut off that night and Plaintiff could not see her hand in front of her face.

Plaintiff was later placed in a different cell that was in an even worse condition and which was infested with insects. Plaintiff was bitten by a spider. She was given water in a jug because there was no running water in the cell. She was denied medical care and threatened and harassed by the Chief Deputy Sheriff and jail staff.[3]

10.

While confined, Plaintiff was under the care and custody of Terry Grasseree, the Chief

---

[3] *See* Affidavit of Darcy Birtz, attached hereto as Exhibit "A."

Deputy of Noxubee County, Mississippi, who has a known and established reputation for violence and abusing prisoners.

11.

As a direct and proximate result of the unconstitutional conditions in the jail, the denial of bail and the utilization of Terry Grasseree as the Chief Deputy and the willful indifference of the sheriff, Plaintiff suffered a violent rape, which left her severely demoralized and unable to eat or sleep. She has been jittery, cries uncontrollably and suffers from nightmares and flashbacks of the rape. This horrific episode has triggered debilitating horrors to Plaintiff, who was the victim of sexual child abuse at the age of six. Plaintiff has previously regressed to the fetal position comfort of childhood and been unable to speak English (as she spoke German as a child) when assailed with such traumatic thoughts.

12.

Plaintiff's hand was also injured during the rape. She experienced numbness and a decrease in her ability to use of her fingers, for which she was not given medical attention. Plaintiff was battered, bruised, cut, and humiliated, and suffered depression so severe that she was placed on a suicide watch.

13.

Legal theories need not be plead. *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 604 (5th Cir. 1981); *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434-35 (5th Cir. 2000). Without waiving the claim that legal theories need not be pled, Plaintiff states the following legal theories:

(1) In violation of the Eighth and Fourteenth Amendments of the United States Constitution, the Plaintiff was confined with a person known to be extremely dangerous and, as a result thereof, was raped;

(2) In violation of the excessive bail provisions and due process provisions of the United State Constitution Amendments Eight and Fourteen, Plaintiff was denied bail;

(3) In violation of the due process clause of the United States Constitution Amendment Fourteen, Plaintiff was subjected to unconstitutional conditions of confinement which caused her permanent injury;

(4) In violation of the due process clause of the Fourteenth Amendment, Plaintiff was placed under the care of Defendant Terry Grasseree, a jailer whose reputation for violence and acting as a common criminal was well-established;

(5) In violation of the equal protection clause of the Fourteenth Amendment, Plaintiff was treated differently because of her sex by being raped when male inmates were not raped;

(6) In violation of the equal protection clause of the Fourteenth Amendment, Plaintiff was treated differently because of her race (white) since black females were not raped;

(7) In violation of the Fourteenth Amendment due process clause's prohibition against arbitrary governmental acts, Plaintiff was raped;

(8) In violation of the Fourteenth Amendment's prohibition against arbitrary governmental acts, Plaintiff was confined with persons who had been convicted of rape; and

(9) In violation of the Fourteenth Amendment's prohibition against arbitrary governmental action, Plaintiff was subjected to unconstitutional conditions of confinement, proximately resulting in personal injury.

### **PRAYER**

Plaintiff prays for actual and punitive damages in an amount to be determined by a jury, and for reasonable attorneys' fees.

Respectfully submitted,

WAIDE & ASSOCIATES, P.A.

BY: _____
      JIM WAIDE
      MS BAR NO. 6857

WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662-842-7324
FACSIMILE:   662-842-8056
EMAIL: WAIDE@WAIDELAW.COM

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

DARCEY BIRTZ,                                                PLAINTIFF

VERSUS                                            CIVIL ACTION NO: _____

NOXUBEE COUNTY, MISSISSIPPI,                       DEFENDANT

                                                                                  JURY TRIAL DEMANDED

## AFFIDAVIT OF DARCEY BIRTZ

My name is Darcey Birtz, I am over the age of eighteen and state the following from my own personal knowledge:

I am a thirty-eight-year-old Caucasian female. On or about June 6, 2006, I was apprehended and placed in the care of the Noxubee County Jail in Macon, Mississippi. After I was fingerprinted, I was relinquished to the care of Kennedy Brewer, a jail trustee, who had been moved to the Noxubee County Jail from Parchman Prison. At Parchman Prison, Brewer had been on death row for approximately nine years after having been convicted for biting, raping and killing a three-year-old little girl. Brewer has been at Noxubee County Jail since 2002.

Brewer has free run of the jail, including the keys to the corridors and cells. The cell he placed me in had one other female in it. The condition of the cell was deplorable. There was no running water. There was a big hole in the wall through which male inmates immediately began harassing me and begging me to take off my clothes so that they could watch and masturbate. I



had no bedding, and the mat I was given to sleep on had stuffing and junk sticking out everywhere. When I called for a jailer, the only person to respond was Brewer. Brewer brought me the blankets off his own bed, which smelled of body odor and made me itch.

The male inmates were allowed to continue threatening me all night long. They began to dig or scrape at the wall. They threatened to bargain with Brewer to be let in to have sex with me. As much as possible, I stayed hidden up against the wall so they couldn't see me. This made them mad and they threatened to beat me and called me derogatory names.

Kennedy Brewer served breakfast the next morning. There was no lunch served. Brewer said he brought me extra food and for me to "take care" of him when he returned. I went to sleep in my cell until I awoke suddenly to Brewer's heavy body laid across me groping at me in the pitch dark. I fought to sit up and pleaded, insisting, "I don't want to do this, don't do this to me, I can't do this." Brewer grabbed my arms and shoved me back down, and kept banging my head on the steel rack. I tried to appease him by making him ejaculate with my hand. He kept trying to insert his penis inside me with one hand while he held himself up with the other. All of a sudden, he dropped his upper body down on me (he weighs approx. 275 to 300 lbs.), crushing me, and raped me. Afterward, he jumped up and told another inmate, "I got mine," then ran out of the cell.

After the rape, I lay curled up on the floor crying. The other woman in the cell told me to clean myself up. She said, "This is Macon and this is what you have to do. Stop crying, you're okay. We are going outside."

I was hurt and crying hysterically and felt completely out of my mind. As we were lead outside, I called Officer John Clanton into a side room and collapsed on the floor in pain. I told

him what had happened. He went out and Chief Deputy Terry Grasseree and Jackie Sherrod, the dispatcher, came in and they both began to yell at me furiously. Both of them reprimanded me for disclosing the rape, saying I was going to "make them lose their jobs and make the department look bad."

I was begging to be taken to the hospital, but none of the deputies or jailers listened to me. They kept berating me as if *I* had done something wrong.

Only Officer John Clanton was sympathetic and supportive. He lifted me from the floor and took me to the hospital, where a rape kit test was performed. I asked to use the phone and called the F.B.I. Then I called a friend of mine. I told the F.B.I. and my friend what happened and that if they found me dead to investigate because I definitely did not want to die.

When I got back to the jail, the trustees were locked up and things were being handled by Chief Deputy Terry Grasseree. He acted peeved with me when I would not sign a document which would release the rape kit to him. He stated, "I'll get it anyway and the next time this happens, I'll take you to the hospital myself and *make* you sign it," as if he expected me to be raped again.

I was then placed in a different cell that was even in worse condition. It was infested with insects and I was bitten by a spider. Sometime during the night, I awoke to complete darkness. I couldn't see my hand in front of my face. I was terrified, and then I heard Kennedy Brewer's voice, low and menacing, saying, "tomorrow, tomorrow."

In the morning, Chief Deputy Terry Grasseree came to my cell and informed me that investigators were there to see me. It was Lt. Kenneth G. Bailey of the Mississippi Bureau of Investigation and his assistant. The investigators interrogated me extensively.

I was worried about repercussions from the deputies and jailers after the M.B.I. agents left. However, the agents removed me from the Noxubee County Jail. For my protection, I was transferred to M.B.I Headquarters in Starkville, Mississippi, where I gave a statement and took a polygraph test. Photographs were taken of scratches and bruises on my body. From there, I was taken to the Lowndes County Jail.

I am now taking medication for pain and for anxiety and depression. I cry a lot and have nightmares and flashbacks. My hand was severely injured, maybe permanently. It is sometimes numb.

I am a former victim of sexual child abuse at six years old. I was raised in an Amish Mennonite family. Brewer's rape of me has triggered horrendous flashbacks of earlier molestations. I am in a constant state of terror that I might regress to childhood, which has happened to me in the past. I am severely depressed and at times I am not able to eat or sleep for long periods. I felt as if I were going crazy. I wanted medical care and therapy, but the Noxubee County Sheriff's Office would not pay for medical care for me. This has been a heinous ordeal for me. I was completely humiliated and became so despondent that I wanted to kill myself. As a result, I was placed on suicide watch

I was given a $50,000.00 bond, but every time I tried to bond out, Noxubee Sheriff's Department said that they have a hold on me. I had a friend to attempt to bail me out after Noxubee lifted "the hold" it had placed on me without explanation. My friend was scheduled to meet the bondsman at the Noxubee County jail to post my bond, but the Bondsman received a call from Noxubee County stating that I was a "high flight risk" and that the Bondsman could therefore not take less than the entire $50,000.00 bond, which I could not afford. I therefore had

to stay at the Lowndes County Jail. I have recently been transferred to Rankin County in Pearl, Mississippi.

Further affiant saith not.

I declare under penalty of perjury that the above and foregoing facts are true and correct as therein stated.

EXECUTED, this the 10th day of July, 2007.

*Darcey Birtz*
**DARCEY BIRTZ**
Darcey Birtz, #128285
C.M.C.F. Area 2B #435
Post Office Box 88550
Pearl, MS 3920-8550